UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DWAYNE ALMOND,**

                Plaintiff,

v.                               Case No. 15-cv-365-pp

**JOHN J. GLINSKI, REBECCA ANN PAULSON,
WILLIAM POLLARD, DR. PAUL SUMNICHT,
BELINDA SCHRUBBE, DR. MANLOVE,
AMY SCHRAUFNGED, SANDRA JACKSON,
ANGLIA KROLL, DR. DAVID BURNETT,
DR. SCOTT HOFTIEZER, JIM GREER,
MARY MUSE, CHARLES COLE,
JESSE JONES, and DONNA LARSON,**

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 4), SCREENING COMPLAINT (DKT. NO. 1), DISMISSING CASE, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SHOWING OF "PREJUDICES" (DKT. NO. 11); MOTION FOR PRELIMINARY INJUNCTION AND BRIEF (DKT. NO. 12); MOTION FOR EMERGENCY ANSWER OR ORDER (DKT. NO. 15); SECOND MOTION FOR EMERGENCY ANSWER OR ORDER (DKT. NO. 16); THIRD MOTION FOR EMERGENCY ANSWER OR ORDER (DKT. NO. 17); FOURTH MOTION FOR EMERGENCY ANSWER OR ORDER (DKT. NO. 18) AND FIFTH MOTION FOR EMERGENCY ANSWER OR ORDER (DKT. NO. 19)**

---

The plaintiff is a *pro se* prisoner. He has filed a complaint under 42 U.S.C. §1983 (Dkt. No. 1), an application for leave to proceed *in forma pauperis* (Dkt. No. 4), and several other motions.

Application to proceed *in forma pauperis*

Under the Prison Litigation Reform Act (PLRA) of 1996, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

1

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), the court must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated several "strikes": (1) Almond v. Wisconsin, et al., Case No. 06-C-447-C (W.D. Wis.); (2) Almond v. Wisconsin, Case No. 06-C-448-C (W.D. Wis.); (3) Almond v. Wisconsin, Case No. 06-C-449-C (W.D. Wis); and Almond v. Glinski, Case No. 14-CV-1336-pp (E.D. Wis.). Despite this fact, the plaintiff states in the caption of his complaint and in his application for leave to proceed *in forma pauperis* that he is in imminent danger of serious physical injury, implying that his case constitutes an exception to the "three strikes" rule.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under §1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations

2

omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). Courts should not use §1915(g) to determine the merits of a claim, however, because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

The plaintiff alleges that, since Dr. Sumnicht diagnosed him with a small external hemorrhoid on February 7, 2012, the defendants have failed to treat that condition. Dkt. No. 1 at 2, 4. He also alleges that the defendants have not treated his stomach ailments and failed to provide him with a bottom bunk bed. Id. He alleges that these facts demonstrate that he is in imminent danger of serious physical injury. But, since the date he filed his complaint, the plaintiff has filed several other pleadings which directly contradict his claim that his conditions have gone untreated.

On August 28, 2015, the plaintiff filed a "motion for preliminary injunction relief/of emergency medical serious needed 'surgeries' for his left[]

3

untreated, on-gone. . . ("specific") diagnosis small external bleeding hemorrhoid/*also, newly blood tests results showed Almond #238839-A is suffering from chronic arthritis in is whole body and his abdomen is fighting against itself." Dkt No. 12 at 1. In this motion, the plaintiff reiterates his complaint allegations. But he also alleges that x-rays show that his hemorrhoid is the size of a tennis ball, citing to Exhibit 1. Dkt. No. 12 at 6. Exhibit 1 is a one-page copy of what appears to be four x-rays taken on June 4, 2012, one of which the plaintiff's note allege is an x-ray of a hemorrhoid. Dkt. No 12-1 at 24. This motion also alleges that after the plaintiff's March 23, 2015 Pollard Memorandum, medical staff performed a rectal exam on him, and that he also received emergency blood tests. These blood tests allegedly showed that the plaintiff suffers from "chronic arthritis," and that "his whole body and his abdomen is fighting against itself." Dkt. No. 12 at 15.

On September 8, 2015, the plaintiff filed "Motion for emergency answer or order . . . to his 'motion for preliminary injunction and brief for relief, for serious needed outsided [sic] hospital medical adequate treatment of care/surgery?" Dkt. No. 15. In this filing, the plaintiff asserts that his newly discovered exculpatory evidence is his blood tests (taken after March 23, 2015), which show that he has chronic arthritis and that his abdomen is fighting against itself. Dkt. No. 15 at 2.

In the plaintiff's September 15, 2015 second motion for emergency answer or order, the plaintiff alleges that he saw Nurse Ann on September 9, 2015, regarding his Health Service Request about his chronic arthritis and

4

stomach ailments, and because his hemorrhoid was bleeding again. Dkt. No. 16 at 4. (He indicates that despite this visit, his conditions were left untreated. Id.)

On September 23, 2015, the plaintiff filed his third motion for emergency answer or order. Dkt. No. 17. In this motion, he states that on September 14, 2015, he was taken offsite to Agnesian Emergency Health Care for his medical issues. Id. at 3. He states that he was "interview[ed] or treated" on that date—hospital took x-rays of his neck, back and abdomen. Id.

On October 14, 2015, the plaintiff filed his fourth motion for an emergency answer or order. Dkt. No. 18. In this motion, he indicates that on October 6, 2015, he referred his concerns about not being treated to the Federal Bureau of Investigation. Id. at 3. Finally, on October 16, 2015, the plaintiff filed a fifth motion for answer or order, reiterating his previous legal arguments. Dkt. No. 19.

The first three of these motions reveal that the plaintiff has, despite his allegations to the contrary, been receiving medical treatment. He has had x-rays. He has had blood tests. He is not, according to his own filings, simply being ignored.

Based on the fact that the plaintiff's own filings demonstrate that he is receiving medical attention and treatment, the court finds that the plaintiff is not in imminent danger of serious physical injury, and thus does not qualify as an exception to the "three strikes" rule.

5

Case 2:15-cv-00365-PP   Filed 10/26/15   Page 5 of 11   Document 20

Screening of the Complaint

The allegations that the plaintiff raises in this case are the same allegations he raised in Almond v. Glinski, Case No. 14-cv-1336-pp (E.D. Wis.), which the court dismissed on January 26, 2015 for failure to state a claim and as frivolous.

The following quote from the court's order dismissing case no. 14-cv-1336 provides helpful background and context regarding the plaintiff's allegations in this case:

> Mr. Almond argues that he is under imminent danger of serious physical injury because on February 7, 2012, Dr. Sumnicht diagnosed him with a small external hemorrhoid, which since has gone untreated. Mr. Almond also refers to stomach ailments, arguing that the defendants failed to provide him with a bottom bunk bed. He further alleges that Judge Barbara B. Crabb, who previously dismissed Almond v. Pollard, Case No. 12-CV-259-BBC (W.D. Wis.) and Almond v. Pollard, Case No. 14-CV-5-BBC (W.D. Wis.), is prejudiced and biased.
>
> In Case No. 12-CV-259, Judge Crabb granted the defendants' motion to revoke Mr. Almond's *in forma pauperis* status after determining that Mr. Almond was not in imminent danger of serious physical injury. See Almond v. Pollard, 2013 WL 4591849, at *3 (W.D. Wis. Aug. 28, 2013); see also Taylor v. Watkins, 623 F.3d 483, 485-86 (7th Cir. 2010) ("If a defendant contests a plaintiff's imminent danger allegations, . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing."). Judge Crabb also imposed a sanction on Mr. Almond:
>
>> This case is just the latest in a line of cases in this court and the Eastern District of Wisconsin having to do with plaintiff's perceived ongoing back and abdominal problems. Almond v. Lutsey, 11–cv–333–bbc (W.D. Wis. Dec. 15, 2011) (case dismissed for plaintiff's failure to exhaust administrative remedies); Almond v. Pollard, 09-cv-335-bbc (W.D. Wis. Mar. 1, 2011) (granting summary judgment to defendants on claims regarding back ailments); Almond v. Pollard,

6

> 08-cv-546 (E.D. Wis. Mar. 26, 2009) (granting summary judgment to defendants on claims regarding back ailments); Almond v. Lesatz, 06-cv-446-bbc (W.D. Wis. Oct. 29, 2006) (case dismissed for plaintiff's failure to exhaust administrative remedies). Plaintiff has not been successful in any of these cases. In addition to the numerous exams plaintiff has received at the prison, the medical records provided by the parties in these cases show that plaintiff has been seen off-site for xrays at least twice and for the colonoscopy discussed above, and no medical problems with plaintiff's back or bowels have been found. Yet he continues to initiate "imminent danger" litigation that does not reveal any constitutional violations by prison staff.
>
> As a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than conditions truly passing muster under § 1915(g), the court will bar plaintiff from proceeding *in forma pauperis* on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).

Almond v. Pollard, No. 12-CV-259-BBC, 2013 WL 4591849, at 32 - *4 (W.D. Wis. Aug. 28, 2013); reconsideration denied, No. 12-CV-259-BBC, 2013 WL 5745664 (W.D. Wis. Oct. 23, 2013).

In Case No. 14-CV-5 (W.D. Wis.), Mr. Almond had raised the same claim that he is raising in this case – that is, that the defendants failed to treat his small bleeding hemorrhoid that Dr. Sumnicht diagnosed on February 7, 2012. After providing Almond with an opportunity to file an amended complaint more fully describing the seriousness of his medical condition, Judge Crabb determined that he did not fall under § 1915(g)'s imminent danger exception, and she dismissed the claim for failure to state a claim.

7

> Almond v. Pollard, Case No. 14-CV-5-BBC, ECF No. 13, at 2-3 (W.D. Wis. April 22, 2014).
>
> In this case, Almond names five additional defendants – Wisconsin Assistant Attorneys General John J. Glinski and Rebecca Ann Paulson; Dr. Manlove, described as "John Doe of WCI"; Charles Cole; and Registered Nurse Donna Larson – whom he did not sue in Case No. 14-CV-5. He does not name Jim Greer, who he named in the prior case. Other than these differences, his allegations in the instant complaint are similar to those in the previous case. This court agrees with Judge Crabb's determination that Mr. Almond's allegations do not pass muster under either the imminent danger standard or the Eighth Amendment "deliberate indifference to a serious medical need" standard. Moreover, "[a] complaint that seeks to relitigate previously dismissed claims is frivolous within the meaning of § 1915(d)." See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Philips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). Mr. Almond has a ruling on his issue from Judge Crabb; he seeks to have this court re-litigate that claim, and under the law, such an effort is frivolous. Horton v. Thomas, 1996 WL 68013 (N.D. Ill.).

Almond v. Glinski, Case No. 14-cv-1336-pp, at 3-6 (E.D. Wis.).

In this case, the plaintiff again is trying to relitigate the claim that first Judge Crabb, then this court, dismissed. As described above, he cannot do that.

Perhaps suspecting that the court might say that he could not raise these issues for a third time in this case, the plaintiff alleges in the current complaint that he has "newly discovered exculpatory evidence" regarding the issues raised in Case No. 14-cv-1336-pp. Dkt. No. 1 at 20. That evidence consists of a March 10, 2015, letter (titled "Notice") which he submitted to Warden Pollard regarding Pollard's alleged ongoing retaliation against the plaintiff, as a result of the plaintiff's continuously challenging the conditions of

8

his confinement. Dkt. No. 1 at 20; Dkt. No. 1-1, Exh. P at 37-39. The alleged new evidence also includes a March 23, 2015, Memorandum from Tony Meli to the plaintiff which states: "In response to your correspondence; This does not say anything regarding who is retaliating against you. Your matter can not be reviewed if you don't provide information." Dkt. No. 1-1, Exh. N at 28. According to the plaintiff, this Meli Memorandum is his most important piece of new evidence because it proves that the plaintiff has never received any adequate medical treatment for the small, bleeding hemorrhoid that Dr. Sumnicht diagnosed on February 7, 2012. Dkt. No. 1 at 20. The plaintiff asks, based on this allegedly newly-discovered exculpatory evidence, that the court reconsider and reopen case no. 14-cv-1336-pp. Dkt. No. 1 at 25.

In addition to the new evidence, the plaintiff alleges that because his untreated, small, bleeding, external hemorrhoid has been left untreated since February 7, 2012, it has grown to the size of a golf ball, which prevents him from laying down on his back or side. Dkt. No. 1 at 23.

The plaintiff's "new evidence"—his letter to Warden Pollard and his Memorandum from Tony Meli—does not add anything to his claim. Neither of these documents change the fact that he is arguing that the defendants violated his rights by leaving his hemorrhoid condition untreated—a claim that two different courts now have dismissed. The court will not allow the plaintiff to proceed in this case on a claim that it, and another court, have dismissed as frivolous already.

Other motions

Because the court is dismissing the plaintiff's complaint, it will deny as moot the numerous other motions he has filed over the course of the last seven months.

Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4).

The court **DENIES** the plaintiff's motion for showing prejudices (Dkt. No. 11).

The court **DENIES** the plaintiff's motion for preliminary injunction (Dkt. No. 12).

The court **DENIES** the plaintiff's motion for emergency answer or order (Dkt. No. 15).

The court **DENIES** the plaintiff's second motion for emergency answer or order (Dkt. No. 16).

The court **DENIES** the plaintiff's third motion for emergency answer or order (Dkt. No. 17).

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim, and as frivolous, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the clerk of court shall document that the plaintiff has brought an action which the court dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the clerk of court document on the record that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the remainder of the filing fee ($399.53) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify the payments by the case name and number assigned to this action.

Dated in Milwaukee this 26th day of October, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

11

Case 2:15-cv-00365-PP   Filed 10/26/15   Page 11 of 11   Document 20