UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DWAYNE ALMOND**,

        Plaintiff,

v.

**Case No. 15-cv-365-PP**
**Appeal No. 15-3467**

**JOHN J. GLINSKI, et al.**,

        Defendants.

---

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 21) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL (DKT. NO. 29)

---

The plaintiff is a *pro se* prisoner. He filed the complaint alleging that the defendants failed to treat him for his hemorrhoid, failed to treat his stomach ailments, and failed to provide him with a bottom bunk bed. Dkt. No. 1. On October 26, 2015, the court denied the plaintiff's motion for leave to proceed *in forma pauperis* and dismissed this case for failure to state a claim, and as frivolous.[1] Dkt. No. 20. The plaintiff has filed a motion for reconsideration. Dkt. No. 21. He also has filed a notice of appeal, Dkt. No. 22, and a petition for leave to proceed *in forma pauperis* on appeal, Dkt. No. 29. The court will deny these applications for the reasons explained below.

The court denied the plaintiff's petition for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because, on three or more prior occasions, he had brought an action that the court had dismissed as frivolous,

---

[1] Because the court dismissed the plaintiff's complaint, it denied as moot several other motions the plaintiff had filed. (Dkt. No. 20 at 10.)

1

malicious, or failing to state a claim. The court determined that the plaintiff did not fall under §1915(g)'s imminent danger of serious physical injury exception to the three-strikes rule, because his filings revealed that he had received medical attention and treatment. Dkt. No. 20 at 3-5. In addition to denying the plaintiff's motion for leave to proceed *in forma pauperis*, the court also screened the complaint under 28 U.S.C. § 1915A, and concluded that the complaint failed to state a claim and was frivolous, because both this court and another court (Judge Barbara Crabb of the Western District of Wisconsin) previously had dismissed the claim as frivolous. Dkt. No. 20 at 6-9.

## Motion for Reconsideration

In his motion for reconsideration, the plaintiff contends that he is under imminent danger of serious physical injury. Dkt. No. 21. He asks the court to order various defendants to submit new x-rays taken by "offsite expert Dr. Valadares de Sousa" on September 14, 2015. Id. at 8. He argues that these x-rays will prove that he is in imminent danger of serious physical injury, and that he has been left untreated since 2009, despite the fact that the defendants knew he was in danger. Id. The plaintiff requests that the court issue a subpoena for Dr. Valadares de Sousa, requiring him to testify regarding the results of the plaintiff's "spine, neck, lower abdomen/arthritis" tests. Id. He also states that he needs emergency surgery for his spine issues.

Federal Rule of Civil Procedure 59(e) "allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494

2

(7th Cir. 2008) (citing Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 511-12 (7th Cir. 2007)). Further, "motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Id.* Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff alleged in his March 31, 2015 complaint that the defendants failed to treat his hemorrhoid and stomach ailments, and that they refused to allow him a bottom bunk bed. Despite the plaintiff's assertions that he was under imminent danger of serious physical injury due to these conditions, the plaintiff's later filings described medical care he received, demonstrating to this court that he was not under imminent danger of serious physical injury. Moreover, with regard to the merits of the plaintiff's claims, this court and Judge Crabb previously dismissed the claims for failure to state a claim. The plaintiff's current motion to reconsider contains no new evidence or information regarding these claims.

In fact, the plaintiff's assertions in his motion for reconsideration appear to be largely unrelated to his complaint allegations. He seems now to be arguing that there is a set of x-rays that was taken in September 2015 that would show that, despite the fact that he has been receiving medical treatment (as evidenced by statements in his own pleadings), he has been in imminent danger since 2009. Even if those x-rays proved that the plaintiff has the conditions he has alleged, they would not address the fact that the plaintiff has been receiving treatment, which is why the court concluded that he was not in

3

imminent danger. Further, the plaintiff has not shown that this court's order denying his petition for leave to proceed *in forma pauperis*, dismissing his complaint, and denying as moot his other motions, contained any manifest errors of law. The court will deny his motion for reconsideration.

Petition for Leave to Proceed *In Forma Pauperis* on Appeal

The plaintiff has filed a notice of appeal and a petition for leave to proceed *in forma pauperis* on appeal. In the motion to proceed *in forma pauperis*, he asserts that his issues on appeal are: "I'm suffering from serious chronic Distressful injuries/conditions, that's in imminent Danger, under 28 U.S.C. § 1915(g), that's ("Life-Threatening Harms")." Dkt. No. 7-2 at 1.

A prisoner may not bring an action or appeal a civil judgment *in forma pauperis*,

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The plaintiff has accumulated several strikes: (1) Almond v. Wisconsin, et al., Case No. 06-C-447-C (W.D. Wis.); (2) Almond v. Wisconsin, Case No. 06-C-448-C (W.D. Wis.); (3) Almond v. Wisconsin, Case No. 06-C-449-C (W.D. Wis.); and (4) Almond v. Glinski, Case No. 14-CV-1336-PP (E.D. Wis.). As discussed above, this court already has determined that the plaintiff is not under imminent danger of serious physical injury. Accordingly, the court will deny

4

the plaintiff's petition for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. §1915(g).

The plaintiff incurred a filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full appeal fee of $505.00 is due **within fourteen days of this order**. Id.; Seventh Cir. R. 3(b). Failure to pay in full within the time limits will result in a dismissal. Newlin, 123 F.3d at 434.

## Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. (Dkt. No. 21)

The court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* on appeal. (Dkt. No. 29)

The court further **ORDERS** that the plaintiff shall forward to the clerk of this court the sum of $505.00 as the full filing fee in this appeal by **JANUARY 22, 2016**. The plaintiff shall clearly identify the payment by the case name and number assigned to this case.

The court will send a copy this order to the Warden of Waupun Correctional Institution, 200 S. Madison Street, P.O. Box, 351, Waupun, Wisconsin 53963, and to PLRA Attorney, United States Court of Appeals for the

5

Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 7th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge